FILED

2013 AUG 12 P 12: 09

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DISTRICT OF CALIFORNIA

1  John G. Hursh (SB No. 113149)
   DORSEY & WHITNEY LLP
2  305 Lytton Avenue
   Palo Alto, California 94301
3  Telephone: (650) 857-1717
   Facsimile: (650) 857-1288
4  Email: hursh.john@dorsey.com

5  BRUCE R. EWING (pro hac vice admission pending)
   DORSEY & WHITNEY LLP
6  51 West 52nd Street
   New York, New York 10019
7  Telephone: (212) 415-9200
   Facsimile: (212) 953-7201
8  Email: ewing.bruce@dorsey.com

9  Attorneys for Plaintiff
   theScore, Inc.
10

11              IN THE UNITED STATES DISTRICT COURT

12     FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

13
   THESCORE, INC.,                    Case No. CV 13 3723
14
                                      COMPLAINT FOR:
15       Plaintiff,
                                      (1) FEDERAL TRADEMARK
16 v.                                     INFRINGEMENT;
                                      (2) FEDERAL UNFAIR COMPETITION AND
17 VIRTUAL FAN NETWORK, INC.,             FALSE DESIGNATION OF ORIGIN;
                                      (3) CALIFORNIA TRADEMARK
18       Defendant.                       INFRINGEMENT AND UNFAIR
                                          COMPETITION;
19                                    (4) COMMON LAW TRADEMARK
                                          INFRINGEMENT AND UNFAIR
20                                        COMPETITION;

21                                    DEMAND FOR JURY TRIAL

22

23

24

25

26

27

28

1   For its Complaint against defendant Virtual Fan Network, Inc., plaintiff theScore, Inc. states and
2   alleges the following:

3   ## THE PARTIES

4   1.   Plaintiff theScore, Inc. ("theScore") is a corporation organized under the laws of the
5   province of Ontario, Canada with its principal place of business located at 500 King Street West, 4th
6   Floor, Toronto, Ontario, Canada.

7   2.   Upon information and belief, defendant Virtual Fan Network, Inc. ("VFN") is a
8   corporation organized under the laws of the State of Delaware with its principal place of business located
9   at 475 Sansome St. #730, San Francisco, California.

10  ## NATURE OF THE ACTION

11  3.   This is an action for damages and injunctive relief against defendant VFN for trademark
12  infringement and unfair competition under federal and California law.

13  4.   This action arises out of defendant's use, in connection with online sports content and
14  information services, of the designations SQOR and/or an "S" design that are likely to be confused with
15  plaintiff's trademark THE SCORE and other registered trademarks containing the term "Score" and/or an
16  "S" design, which have been used and registered for services that include online sports content and
17  information. VFN's use of the SQOR and/or "S" designations, as described herein, is in violation of the
18  U.S. Trademark Act of 1946, as amended, (the "Lanham Act") (15 U.S.C. §§ 1051 *et seq.*), the California
19  Business & Professions Code (including §§ 14335, 17200 *et seq.* and 17500 *et seq.*), and the common
20  law.

21  ## JURISDICTION AND VENUE

22  5.   This Court has subject matter jurisdiction under 15 U.S.C. § 1121, and 28 U.S.C.
23  §§ 1331, 1332, 1338(a), 1338(b), and 1367.

24  6.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendant VFN
25  does business in this District and offers services in this District under a designation that infringes
26  theScore's trademarks, and on information and belief, has a place of business in this District.

27  7.   This Court has personal jurisdiction over defendant VFN, which resides and/or does
28  business in California.

-1-

**INTRADISTRICT ASSIGNMENT**

8.     Assignment in San Francisco is proper because this is an Intellectual Property Action for purposes of Civil L.R. 3-2(c), and, thus, is subject to assignment on a district-wide basis.

**THESCORE'S BUSINESS AND TRADEMARKS**

9.     TheScore is a provider of sports and information content that dispenses real-time news, scores, statistics and alerts about sports teams and athletes while creating and curating content that is targeted at sports fans. TheScore's services are offered primarily through its mobile applications and Internet website, accessible at www.thescore.com. TheScore and its related companies have used THESCORE as a trademark since approximately 2001 in both the U.S. and overseas.

10.    TheScore is the owner of multiple trademark registrations issued by the United States Patent and Trademark Office (the "PTO"), including:

   a.     Reg. No. 2,924,688 registered February 8, 2005, based on an application filed March 17, 2003, for THESCORE and Design covering, *inter alia*, entertainment services, namely, providing information services relating to sports via the world wide web on the internet and through electronic mail; and entertainment services in the field of sports, namely organizing and conducting sports contests and sweepstakes and fantasy sports games and sweepstakes. This registration is incontestable within the meaning of 15 U.S.C. § 1065.

   b.     Reg. No. 2,927,252 registered February 22, 2005, based on an application filed March 17, 2003, for "S" and Design, which isolates the "S" in theScore's THESCORE and Design trademark and covers, *inter alia*, entertainment services, namely, providing information services relating to sports via the world wide web on the internet and through electronic mail; and entertainment services in the field of sports, namely organizing and conducting sports contests and sweepstakes and fantasy sports games and sweepstakes. This registration is incontestable within the meaning of 15 U.S.C. § 1065.

   c.     Reg. No. 3,546,936, registered December 14, 2008, based on an application filed March 14, 2006, for SCORE MOBILE covering providing information and entertainment services in the field of sports and sports events, namely, providing sports

-2-

programming, sports news, sports information updates, web logging about sports, sports headlines, sports statistical databases, stories, editorials, sports celebrity interviews and commentary, sports contests via the Internet and wireless communications.

d. Reg. No. 3,543,682, registered December 9, 2008, based on an application filed March 14, 2006, for SCORE ANYWHERE covering providing information and entertainment services in the field of sports and sports events, namely, providing sports programming, sports news, sports information updates, web logging about sports, sports headlines, sports statistical databases, stories, editorials, sports celebrity interviews and commentary, sports contests via the Internet and wireless communications.

Collectively, the aforementioned trademarks, along with others owned by theScore containing the term "Score" shall be referred to as the "SCORE Marks."

11. TheScore and its related companies have used and are currently using the SCORE Marks, and one or more of these Marks have been used continuously in the U.S. for more than a decade.

12. The SCORE Marks are inherently distinctive symbols of significant goodwill among U.S. consumers and the trade belonging exclusively to theScore. As a result of both their inherent distinctiveness and the duration of offering of services under the SCORE Marks, both consumers and the trade associate such services with theScore in the U.S.

13. In addition, the Score extensively promotes the services it offers under its SCORE Marks, both online and through other means such as sports sponsorships. The services offered by theScore and its related companies under its SCORE Marks are accessed by millions of U.S. consumers each year.

## VFN'S UNLAWFUL CONDUCT

14. Defendant VFN offers online sports content and information services under the designation SQOR, primarily through an Internet website accessible at www.sqor.com. In addition, VFN uses an "S" and Design designation that isolates the "S" in VFN's SQOR designation, in much the same way as theScore isolates the initial "S" in its SCORE and Design trademark. Among the services offered under VFN's SQOR and "S" designations are sports news, sports information, sports scores and other content that is identical in type to the content provided by theScore under its SCORE Marks.

///

-3-

15. Defendant VFN has filed three applications to register its SQOR designation and its "S" design as trademarks with the U.S. Patent & Trademark Office for, among other things, "providing access for registered users to a website featuring information, video and audio content relating to specific athletes; computer services provided over the global communications network, mobile devices, wireless internet networks or systems and other computer and electronic communication networks, namely, providing access for registered users to a distributed content unit, namely, a widget featuring information, video and audio content relating to specific athletes; providing online forums, electronic bulletin boards and chat rooms for communication on topics of sports and general interest; providing online communications links which transfer web site users to third party web sites relating to specific athletes; providing access via the Internet to third party web sites or distributed content units via a universal login; audio, text and video broadcasting services over computer or other communication networks, namely, broadcasting of electronically uploaded, posted, displayed, tagged and transmitted data, information, audio and video images." These services are either the same as or are closely related to the services offered by theScore under its SCORE Marks.

16. In addition to the obvious similarities between VFN's SQOR designation and theScore's SCORE Marks, and the directly competitive proximity of their respective services, the isolated letter reflected in VFN's "S" designation mimics the Score's registered "S" and Design mark, and the look and feel of VFN's SQOR website is also strongly reminiscent of theScore's website, in particular, the combination of a dark background with various boxes containing sports photos, news and videos. These similarities demonstrate the willful, intentional nature of VFN's violations of theScore's trademark rights.

17. VFN's unauthorized use of designations that are so similar to theScore's SCORE Marks for directly competitive services constitutes a deliberate attempt to misappropriate for its own ends theScore's SCORE Marks and the goodwill inherent therein, and is likely to cause consumers in both California and the United States as a whole to believe wrongly that theScore has either sponsored, authorized or approved of services offered under the SQOR and/or "S" designations, and/or that such services are associated with or are part of theScore's directly competitive services. Such confusion is likely to cause substantial damage to theScore, its SCORE Marks and the goodwill inherent therein in amounts to be proven at trial. Upon information and belief, such conduct on the part of VFN is willful,

-4-

intentional and represents a bad-faith effort to trade unfairly on theScore's goodwill embodied in its SCORE Marks and/or to otherwise violate theScore's rights in such Marks.

18.     TheScore has no adequate remedy at law for any of the misconduct described above and will suffer irreparable harm in the absence of the relief sought herein.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement)

### (15 U.S.C. §1114(1))

19.     TheScore incorporates the preceding paragraphs as though fully set forth herein.

20.     The actions of VFN as described herein constitute infringement of theScore's federally registered SCORE Marks in violation of section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

21.     VFN's acts of infringement have caused theScore damage in an amount to be proven at trial. TheScore seeks judgment pursuant to 15 U.S.C. § 1117 for VFN's profits made through its unauthorized and infringing use of theScore's trademarks, for the damages sustained by theScore, for all costs necessary to remediate the infringing uses and their effects, and for the costs, expenses, and reasonable attorneys' fees incurred in bringing the present action.

22.     TheScore seeks judgment for three times the damages awarded, due to the willful and intentional nature of VFN's conduct, or such other compensation as the Court deems just.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition and False Designation of Origin in Violation of Federal Law)

### (15 U.S.C. §1125(a))

23.     TheScore incorporates the preceding paragraphs as though fully set forth herein.

24.     TheScore owns and enjoys common law trademark rights in its SCORE Marks and also owns multiple registrations for such Marks, which rights are superior to any rights of defendant VFN.

25.     VFN's use of the SQOR and/or "S" designations as aforesaid constitutes a false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact that is likely to cause mistake, confusion and/or deception as to origin, sponsorship, authorization, creation, or approval of VFN's services, in violation of 15 U.S.C. § 1125(a).

///

26. As a result of VFN's acts, theScore has suffered damages and other harm, in an amount to be proven at trial. TheScore seeks judgment for VFN's profits made from these acts, for the damages sustained by theScore, for all costs necessary to remediate the false designation of origin, passing off, misappropriation, palming off and/or misleading description or representation of fact, and for the costs, expenses and reasonable attorneys' fees incurred in bringing the present action.

27. TheScore further seeks judgment for three times the amount of damages awarded, due to the nature of VFN's conduct, or such other compensation as the Court deems just.

### THIRD CLAIM FOR RELIEF

(Trademark Infringement and Unfair Competition Under California Law)

(Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*)

28. TheScore incorporates the preceding paragraphs as though fully set forth herein.

29. VFN's wrongful use of theScore's SCORE Marks constitutes trademark infringement and unfair competition under California statutory law, including Cal. Bus. & Prof. Code §§ 17200 *et seq.* and 17500 *et seq.*

30. TheScore has suffered damages as a direct result of VFN's conduct as described herein, for which money damages are an inadequate remedy, and such damage will continue unless the Court enjoins VFN's use of the SQOR and/or "S" designations.

31. VFN should be required to restore to theScore any and all profits earned as a result of its unlawful and unfair activities, and to compensate theScore for damages, attorneys' fees and costs incurred.

### FOURTH CLAIM FOR RELIEF

(Common Law Trademark Infringement and Unfair Competition)

32. TheScore incorporates the preceding paragraphs as though fully set forth herein.

33. In addition to the rights under the Lanham Act and state statutory law set forth above, theScore also has valid and existing rights under the common law with respect to its SCORE Marks that VFN has violated by virtue of its actions as described herein.

34. VFN's wrongful acts as described herein have damaged theScore, in an amount to be proven at trial.

-6-

COMPLAINT

1    35.    TheScore has suffered damages as a direct result of VFN's conduct as described herein, for
2  which money damages are an inadequate remedy, and such damage will continue unless the Court enjoins
3  VFN's use of the SQOR and/or "S" designations.

4                                   **PRAYER FOR RELIEF**

5          WHEREFORE, theScore prays for the following relief:

6    1.    That defendant VFN, its officers, agents, servants, partners, affiliates, subsidiaries,
7  employees, attorneys and all others in concert or participation with them, or any of them, be preliminarily
8  enjoined during the pendency of this action and permanently enjoined thereafter from using the
9  designation SQOR or any derivation therefrom, or any other designation similar to or likely to cause
10  confusion with TheScore' SCORE Marks, in connection with the sale, offering for sale, promotion,
11  distribution, or advertising of any goods and services, including but not limited to online sports
12  information services, or any other conduct that violates theScore's trademark rights or amounts to unfair
13  competition under either federal or California law;

14   2.    That the Court award theScore the profits made by VFN and the actual damages suffered
15  by TheScore as a result of VFN's unlawful conduct, in amounts to be proven at trial;

16   3.    That this Court award theScore triple the amount of the damages awarded, whether VFN's
17  profits, theScore's lost profits or other damages;

18   4.    That the Court order VFN to file with the Court and serve upon theScore's counsel within
19  fifteen (15) days after entry of Judgment a report in writing under oath setting forth in detail the manner
20  and form in which VFN has complied with the requirements of the Injunction and Order;

21   5.    That the Court award prejudgment interest as authorized by law;

22   6.    That the Court award theScore its costs incurred in this action, including reasonable
23  attorneys' fees, pursuant to 15 U.S.C. § 1117 and California law;

24  ///
25  ///
26  ///
27  ///
28  ///

-7-

7.   That the Court grant theScore any other remedy to which it may be entitled; and

8.   That the Court grant such other and further relief as it shall deem just.

DORSEY & WHITNEY LLP

DATED: August 9, 2013                      By: _____
                                                 JOHN G. HURSH
                                                 Attorneys for Plaintiff THESCORE, INC.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded for all issues so triable.

DORSEY & WHITNEY LLP

DATED: August 9, 2013                      By: _____
                                                 JOHN G. HURSH
                                                 Attorneys for Plaintiff THESCORE, INC.

-8-

COMPLAINT